UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case no. 4:17cv01943 PLC |
| | ) |
| TRANSWOOD, INC. and | ) |
| RICHARD TERRY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the record regarding the Court's subject matter jurisdiction over this lawsuit.

**I.   Background**

Plaintiff seeks monetary relief for injuries he allegedly sustained, and for damage his motor vehicle allegedly sustained, during an accident on June 16, 2016.[1] Plaintiff alleges that, at the time of the accident, he was a passenger in a vehicle he owned that another person was driving.[2] Plaintiff further alleges that Defendant Richard Terry, as an "agent, servant and/or employee of" Defendant Transwood, Inc. ("Transwood"), was driving a tractor-trailer or truck within the scope of his employment.[3] While Defendant Terry was operating his tractor-trailer on Interstate 270 near the Route N exit ramp, "the left rear outer tire on his truck exploded . . . [and] a piece of the exploding tire . . . flew through the air and struck [the] vehicle" in which Plaintiff

---

[1] Pl.'s pet'n [ECF No. 7].

[2] Pl.'s pet'n paras. 5 and 6 [ECF No. 7].

[3] Pl.'s pet'n paras. 4 and 8 [ECF No. 7].

was a passenger, allegedly "causing Plaintiff injuries and damages."[4]  Specifically, Plaintiff alleges that, as a direct and proximate result of each Defendant's carelessness and negligence, Plaintiff's motor vehicle was damaged and:

> Plaintiff was seriously injured and damaged; Plaintiff sustained injuries to his right arm, neck and back; [and] Plaintiff required treatment and will require treatment in the future[; and]
>
> . . . Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to his detriment and damage; [and] Plaintiff lost wages and may lose wages in the future.[5]

(Footnote added.)  Plaintiff claims each Defendant is liable based on negligence[6] (Counts I and III) and res ipsa loquitur[7] (Counts II and IV).[8]  In the WHEREFORE clause of each count, Plaintiff seeks judgment "in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with his costs."[9]

---

[4] Pl.'s pet'n paras. 8 and 9 [ECF No. 7].

[5] Pl.'s pet'n paras. 12-14 (Count I), 21-23 (Count II), 27-29 (Count III), and 36-38 (Count IV) [ECF No. 7].

[6] For his negligence claims, Plaintiff alleges each Defendant "failed to keep a careful lookout," "failed to maintain control of [the truck]," "failed to operate [the truck] in a careful and prudent manner," "operated [the truck] with a defective tire," and "failed to properly maintain [the truck]."  Pl.'s Pet'n at 2-3 and 5 [ECF No. 7].

[7] Missouri case law defines res ipsa loquitur and its elements as:

a rule of evidence that permits the jury to infer from circumstantial evidence that the plaintiff's loss or injury was caused by the defendant's negligent act. . . . To make a submissible case of negligence under the res ipsa loquitur doctrine, the plaintiff must establish three elements:  (1) the incident would not ordinarily occur in the absence of negligence; (2) the incident was caused by an instrumentality under the defendant's control; and (3) the defendant has superior knowledge about the cause of the incident.

Green v. Plaza in Clayton Condo. Ass'n, 410 S.W.2d 272, 282 (Mo. Ct. App. 2013) (citations omitted); see also id. at 286 (repeating the elements needed to submit a case of "negligence under the res ipsa loquitur doctrine").

[8] Pl.'s pet'n at 2-7 [ECF No. 7].

[9] Pl.'s pet'n at 3, 4, 6, and 7 [ECF No. 7].

Plaintiff filed his petition in the Circuit Court of St. Louis County. Pursuant to 28 U.S.C. § 1441 Defendant Terry, with Defendant Transwood's consent, removed the lawsuit to this Court based on this Court's diversity jurisdiction under 28 U.S.C. § 1332.[10]

## II. Subject matter jurisdiction

The United States Court of Appeals for the Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "Lack of subject-matter jurisdiction of a lawsuit cannot be waived by the parties – or ignored by the courts – at any stage of the litigation." Sadler v. Green Tree Servicing, LLC, 466 F.3d 623, 625 (8th Cir. 2006) (citing Hunter v. Underwood, 362 F.3d 468, 476 (8th Cir. 2004)). Therefore, the Court "may raise the [subject matter jurisdiction] issue[s] . . . even if the parties do not." Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998).

If the federal court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). Importantly, "all doubts about federal jurisdiction must be resolved in favor of remand[.]" Central Iowa Power Coop., 561 F.3d at 912.

As the litigant removing the lawsuit from state court to federal court, the defendant bears the burden of establishing subject matter jurisdiction. Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). In removed cases, the district court reviews the state court petition pending at the time of removal to determine the existence of subject matter jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re: Prempro Prods. Liab. Litig., 591 F.3d 613,

---

[10] Notice of removal [ECF No. 1].

619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Under this Court's original diversity jurisdiction a citizen of one state may file a state law claim against a citizen of a different state when the amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

        (A.) <u>Diversity of citizenship requirement</u>

To establish the diversity of citizenship requirement, there must be "complete diversity of citizenship among the litigants." OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." Id. (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)). In a removed lawsuit, "the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." Chavez-Lavagnino v. Motivation Educ. Training, Inc., 714 F.3d 1055, 1056 (8th Cir. 2013); accord Reece v. Bank of New York Mellon, 760 F.3d 771, 777 (8th Cir. 2014).

For individuals who are litigants, "the words 'resident' and 'citizen' are not interchangeable" for purposes of diversity jurisdiction. Reece, 760 F.3d at 777. Diversity jurisdiction may not be "based solely on an allegation [that an individual] is (or was) a 'resident' of a particular state." Id. at 778. Rather, there must be a demonstration of the state in which each individual litigant resides or of which each individual litigant is a citizen. Id. at 777-78. Here, Plaintiff only alleges in his petition the state of which each individual litigant is a "resident."[11] In the notice of removal and "Stipulation of Removal," however, Defendant Terry

---

[11] Pl.'s pet'n at paras. 1 and 3 [ECF No. 7] ("Plaintiff . . . is a resident of the State of Missouri"; "Defendant Richard Terry is a resident of the State of Illinois").

asserts that "at all relevant times" Plaintiff "was and is a citizen of Missouri" and Defendant Terry "was and is a citizen of Illinois."[12]

Additionally, Defendant Terry states that Defendant Transwood "is a Nebraska corporation with its principal place of business in Omaha, Nebraska."[13] Transwood is, therefore, a citizen of Nebraska only. 28 U.S.C. § 1332(c)(1).

With the record demonstrating that Plaintiff is a citizen of Missouri, Defendant Terry is a citizen of Illinois, and Defendant Transwood is a citizen of Nebraska, there is complete diversity among the litigants. Moreover, Defendant Terry's unchallenged allegations that Plaintiff and Defendant Terry were and are citizens of their respective states "at all relevant times" appear sufficient to satisfy the requirement that the diverse citizenship exist both when the lawsuit is filed in state court and when the lawsuit is removed to federal court.

(B.) Amount in controversy requirement

Under 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading [is] deemed the amount in controversy." Here, Plaintiff does not allege any specific amount of loss, damage, or expense he incurred as the alleged result of the accident. Nor do his demands for relief, each of which seeks a reasonable amount in excess of $25,000.00, sufficiently state a sum that may constitute the amount in controversy. Cf. In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam) (complaint seeking "an unspecified amount of damages for pain and suffering, permanent disability, and wage loss" did not begin the running of the thirty-day time limit for removal because "the complaint [did not] explicitly disclose[] the plaintiff [wa]s seeking damages in excess of the federal jurisdictional amount" for the court's federal diversity jurisdiction). Therefore, Plaintiff's petition does not state the amount in controversy.

---

[12] See Notice of removal at 2 [ECF No. 1]; Def. Terry's "Stipulation of Removal" [ECF No. 2].

[13] See Notice of removal at 2 [ECF No. 1]; Def. Terry's "Stipulation of Removal" [ECF No. 2].

"When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A)." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551 (2014). To assert the amount in controversy adequately in the removal notice, the defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not [include] evidentiary submissions." Id. at 554, 551, respectively. "Evidence establishing the amount in controversy is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation" in the notice of removal. Id. at 554; see also 28 US.C. § 1446(c)(2)(B) (removal based on an amount in controversy in the notice of removal is proper if the court "finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)").

Importantly, "when determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." Raskas v. Johnson & Johnson, 719 F.3d 884, 887 (8th Cir. 2013) (emphasis in original) (internal quotation marks and citations omitted); accord Dammann v. Progressive Direct Ins. Co., 856 F.3d 580, 584 (8th Cir. 2017). If the defendants demonstrate the minimum amount in controversy by a preponderance of the evidence, then "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009); see also id. at 959 (if the defendants "prove by a preponderance of the evidence that the amount in controversy is satisfied, remand is only appropriate if [the plaintiff] can establish that it is legally impossible to recover in excess of the jurisdictional minimum").

Defendant Terry states in the notice of removal:

> The amount in controversy exceeds $75,000.00 exclusive of interest and costs. Because this is a personal injury action where Plaintiff . . . claim[s] damages in excess of $100,000.00 for injuries to his neck, back and arm that required extensive medical treatment and will continue in the future, disabilities, pain and suffering and lost wages both present and future, Defendant believes the amount in controversy shall exceed the minimum jurisdictional amount, whereas the amount in controversy requirement is satisfied.[14]

(Footnote added.) The amount of more than $100,000.00 in damages asserted in the notice of removal as the amount in controversy appears to derive from the aggregation of Plaintiff's demand for an amount of more than $25,000.00 in each of his four claims.

Plaintiff's four counts consist of a negligence claim and a res ipsa loquitur claim against each of two Defendants. In a case based on this Court's diversity jurisdiction, state law governs the substance of Plaintiff's claims. See, e.g., Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1063 (8th Cir. 2008). Under Missouri law, a plaintiff may plead both negligence and res ipsa loquitur theories of liability, but may not recover monetary relief from a defendant based on both theories. See, e.g., City of Kennett v. Akers, 564 S.W.2d 41, 46 (Mo. 1978) (en banc) (a plaintiff pleading general negligence "may submit evidence of specific negligence and will . . . be allowed to submit on res ipsa loquitur unless the plaintiff's evidence shows the precise and specific negligence cause"); see id. at 49 (when "res ipsa loquitur is applicable to the occurrence causing the damage, [a plaintiff may] plead both general (res ipsa loquitur) negligence and specific negligence and is not precluded from submitting general [negligence] solely and simply because of the specific [negligence] allegation in the pleading"); Green v. Plaza in Clayton Condo. Ass'n, 410 S.W.3d 272, 287 (Mo. Ct. App. 2013) (submission of a res ipsa loquitur theory of liability against one defendant was proper because the plaintiffs did not provide at trial evidence of specific negligence).

---

[14] Notice of removal at 2 [ECF No. 1].

Based on the principles of City of Kennett, supra, and Green, supra, the statements in the notice of removal demonstrate that, at most, the amount in controversy may exceed $50,000.00 exclusive of interest and costs, assuming arguendo that Plaintiff may recover the amount he demands (of more than $25,000.00) against each of the two Defendants.  Therefore, the Court provides Defendants the opportunity to supplement the notice of removal by submitting sufficient evidence to allow the Court to find, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold of more than $75,000.00.  See 28 U.S.C. § 1446(c)(2)(B); Dart Cherokee Basin Operating Co., LLC, 135 S. Ct. at 554; see also Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963 (8th Cir. 2016) (per curiam) (while "facts arising subsequent to removal have no bearing on a court's jurisdictional determination," the district court abused its discretion in refusing to consider the defendants' post-removal affidavits to demonstrate diversity of citizenship); 28 U.S.C. § 1653 ("[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts").

The Court will await resolution of its subject matter jurisdiction over this case before entering orders regarding case management and alternative dispute resolution efforts that counsel for the parties and Court discussed at the Rule 16 Conference.  The delay in entry of the post-Rule 16 Conference orders does not require any delay by the parties in exchanging initial disclosures and pursuing discovery.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that, no later than **February 23, 2018**, Defendants shall show cause in writing why this case should not be remanded for lack of subject matter jurisdiction, by providing evidence and supplementing the notice of removal as set out above.

**IT IS FURTHER ORDERED** that, no later than March 2, 2018, Plaintiff may file his response, if any, to Defendants' material(s).

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of February, 2018.