**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID HUGHES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case no.  4:17cv01943 PLC** |
| | ) | |
| **TRANSWOOD, INC., and** | ) | |
| **RICHARD TERRY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the record regarding the Court's subject matter jurisdiction in this removed lawsuit in which Plaintiff pursues negligence claims under Missouri state law.  Plaintiff seeks monetary relief for personal injuries and property damage he allegedly sustained on June 16, 2016, when a tire on a tractor-trailer driven by Defendant Richard Terry, who was an employee of Defendant Transwood, Inc., exploded and hit Plaintiff's vehicle while on a highway in Missouri.  In July 2017, Defendant Terry, with Defendant Transwood, Inc.'s consent, removed the case to this Court based on this Court's diversity jurisdiction.  See 28 U.S.C. §§ 1441, 1332.  Concluding there is complete diversity between Plaintiff and Defendants, the Court questioned whether there is more than $75,000.00, exclusive of interest and costs, at issue to satisfy the amount in controversy prerequisite for diversity jurisdiction.[1]  The Court set deadlines by which (1) Defendants needed to "provid[e] evidence and supplement[ their] notice of removal" to avoid remand due to lack of subject matter jurisdiction, and (2) Plaintiff could respond to Defendants material(s). [2]

---

[1]  See Memorandum and Order, filed Feb. 16, 2018 [ECF No. 19].

[2]  See Memorandum and Order, filed Feb. 16, 2018 [ECF No. 19].

Defendants timely filed a supplemental notice of removal, with six exhibits (identified as exhibits A through F) attached.[3] The exhibits are copies of: (1) Plaintiff's June 8, 2017 letter to Defendants' counsel demanding $100,000 to settle the case,[4] (2) Plaintiff's responses to Defendants' first request for admissions directed to Plaintiff,[5] (3) Plaintiff's post-accident medical treatment records,[6] (4) a table summarizing the $33,223.68 in expenses Plaintiff incurred for medical treatment from the day of the accident through January 30, 2017, with a notation "waiting on estimate" with respect to the "Future Surgery/Medical" expenses,[7] (5) an excerpt from Plaintiff's deposition,[8] and (6) the itemization of repairs to Plaintiff's motor vehicle.[9] Plaintiff did not file a response to Defendants' materials.

In their supplemental notice of removal, Defendants state that Plaintiff seeks property damages for $9,816.55 in repairs to Plaintiff's car;[10] an undisclosed amount for serious injuries to Plaintiff's right arm, neck, and back, which will allegedly require future treatment;[11] an undisclosed amount for past and future medical treatment, with such expenses totaling more than $33,000.00 for care through January 2017 and documentation of expenses for medical care since

---

[3] Defs.' suppl. notice of removal [ECF No. 25] and exhibits [ECF Nos. 25-1 through 25-5 and 26].

[4] Ex. A attached to Defs.' suppl. notice of removal [ECF No. 25-1].

[5] Ex. B attached to Defs.' suppl. notice of removal [ECF No. 25-2].

[6] Ex. C attached to Defs.' suppl. notice of removal [ECF No. 26].

[7] Ex. D attached to Defs.' suppl. notice of removal [ECF No. 25-3]

[8] Ex. E attached to Defs.' suppl. notice of removal [ECF No. 25-4].

[9] Ex. F attached to Defs.' suppl. notice of removal [ECF No. 25-5].

[10] Defs.' suppl. notice of removal at 4 [ECF No. 25].

[11] Defs.' suppl. notice of removal at 2 [ECF No. 25].

January 2017 not yet available;[12] and an undisclosed amount in past and future lost wages due to the need to close Plaintiff's business "following the accident."[13]

Defendants further assert, and in his response to the request for admissions Plaintiff admits, that Plaintiff did not sign a proposed stipulation that Plaintiff seeks less than $75,000.00.[14] The record also discloses, through Plaintiff's responses to Defendants' requests for admissions, that Defendants countered Plaintiff's settlement offer, by offering to settle the case for $10,000.00.[15] Defendants urge "jurisdiction is not premised on [D]efendants' position on liability and damages. It is based on [P]laintiff's settlement demand of $100,000.00 and his refusal to stipulate, agree or otherwise plead that his damages are less than $75,000.00."[16]

When a court questions the amount in controversy, evidence establishing the amount is required. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) ("Dart Cherokee"). The removing defendants must establish the amount in controversy by a preponderance of the evidence. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009); see Dart Cherokee, 135 S. Ct. at 554; 28 U.S.C. § 1446(c)(2)(B). Importantly, the issue is not whether the damages are in fact greater than $75,000.00, "but whether a fact finder *might* legally conclude that they are." Hartis v. Chicago Title Ins. Co., 694 F.3d at 935, 944 (8th Cir. 2012) (emphasis in original) (internal quotation marks omitted) (quoting Bell 557 F.3d at 959). "Once the removing

---

[12] Defs.' suppl. notice of removal at 3, 4 [ECF No. 25].

[13] Defs.' suppl. notice of removal at 4 [ECF No. 25]. In the excerpt of the deposition testimony available of record, Plaintiff testified that his business had grossed "[p]robably about between two hundred and three hundred thousand" per year before the accident and his business closed and was "lost . . . due to [him] being hurt." Pl.'s depo. tr. at 20, 21 [ECF No. 25-4].

[14] Defs.' suppl. notice of removal at 3 [ECF No. 25]; see also Pl.'s resps. Defs.' first reqs. for admiss. Nos. 1 and 2 [ECF No. 25-2].

[15] Defs.' suppl. notice of removal at 3 [ECF No. 25]; see also Pl.'s resps. Defs.' first reqs. for admiss. Nos. 3, 4, and 7 [ECF No. 25-2].

[16] Defs.' suppl. notice of removal at 4 [ECF No. 25].

party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Id. at 946 (internal quotation marks omitted) (quoting Bell, 557 F.3d at 956); accord Raskas v. Johnson & Johnson, 719 F.3d 884, 888 (8th Cir. 2013) (once the removing party shows the amount in controversy by a preponderance of the evidence, the case belongs in federal court unless the plaintiff demonstrates it is legally impossible, and not just "highly improbable," to recover that amount).

To establish the amount in controversy by a preponderance of the evidence, a removing defendant must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met[.]" Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Engaging in speculation or presumptions about the amount in controversy is insufficient to demonstrate satisfaction of the required amount. Id. A court may consider materials submitted after removal that show "in fact, the required amount was or was not in controversy at the" time federal court jurisdiction was invoked.[17] Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 823 (8th Cir. 2011) (internal quotation marks omitted) (quoting State Farm Mut. Auto Ins. Co. v. Powell, 87 F.3d 93, 97 (3rd Cir. 1996)); accord Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963, 964-65 (8th Cir. 2016) (per curiam). The materials a removing defendant submits to demonstrate satisfaction of the amount in controversy by a preponderance of the evidence may include "affidavits, declarations, and other documentation." McNamee v. Knudsen & Sons, Inc., 4:15-CV-572 (CEJ), 2016 WL 827942, at *3 (E.D. Mo. Mar. 3, 2016).

---

[17] Using post-removal materials to demonstrate that an amount in controversy was or was not satisfied at the time of removal is different from using post-removal materials in an attempt to reduce the amount recoverable, a circumstance that does not "oust the district court's jurisdiction once it has attached." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

Defendants argue Plaintiff's post-complaint letter demanding $100,000.00 to settle the case supports a conclusion the amount in controversy prerequisite for diversity jurisdiction is satisfied. The United States Court of Appeals for the Eighth Circuit has not yet decided "whether a post-complaint settlement offer alone is sufficient to establish the requisite amount in controversy," but characterized a post-complaint demand letter as "offer[ing] . . . support for the valuation of the [plaintiff's] claims." In re: Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 820, 835 (8th Cir. 2003). This Court considers a post-complaint settlement demand or offer, along with other circumstances of the case, to resolve whether the amount in controversy requirement for diversity jurisdiction is satisfied. See, e.g., Branch v. Wheaton Van Lines, Inc., No. 4:14-CV-01735-AGF, 2014 WL 6461372, at *2 (E.D. Mo. Nov. 17, 2014) (concluding the defendant had not satisfied its burden of demonstrating the amount in controversy requirement for diversity jurisdiction when the plaintiff's "settlement demands all fell below $75,000," the plaintiff's "allegations of medical expenses and lost wages . . . total[ed] far less than $75,000" and the plaintiff "explicitly [sought] damages in an amount 'not to exceed' $74,000" in his petition). Here, Plaintiff (1) did not expressly limit his request for damages in his petition to less than $75,000 and, after filing the lawsuit but before removal, (2) demanded more than $75,000 (specifically, $100,000) to settle the case. Under the circumstances (including Plaintiff's unlimited prayers for relief and the documentation submitted by Defendants with respect to the scope and cost of treatment for Plaintiff's serious injuries to his neck, arm and back, the extent of repairs to Plaintiff's damaged vehicle, and the loss of Plaintiff's business), Plaintiff's post-complaint, pre-removal letter demanding $100,000 to settle the case supports a determination that a fact finder might legally conclude Plaintiff's damages are more than $75,000.00. See Parshall v. Menard, Inc. d/b/a Menards, No. 4:16-CV-828 (CEJ), 2016 WL 3916394, at *3-4

(E.D. Mo. July 20, 2016) (denying remand upon finding the defendant established by a preponderance of the evidence that a fact finder might legally conclude damages were greater than $75,000 based on: (1) a settlement demand over $75,000, (2) the plaintiff's allegations of serious injuries to the plaintiff's upper left extremity, left shoulder, and neck, including continuing medical expenses and lost wages, and (3) the plaintiff's request for an unlimited amount of damages).

Defendants also urge Plaintiff's failure to stipulate that he is seeking less than $75,000 supports a conclusion that the amount in controversy exceeds $75,000. Such a refusal in and of itself is not sufficient to satisfy the amount in controversy requirement. Biomedical Sys. Corp. v. Crawford, No. 4:15CV1775 CDP, 2016 WL 147146, at *2 (E.D. Mo. Jan. 13, 2016); Branch, 2014 WL 147146, at *2. When other evidence of record supports a finding that the amount in controversy is satisfied, however, a plaintiff's refusal "to stipulate to a damage award amount of $75,000.00 or less" may be persuasive. Gebert v. United Rentals (North Am.), Inc., No. 4:05CV717SNL, 2005 WL 2789332, at *1 (E.D. Mo. Oct. 26, 2005). In Gebert, the Court denied a motion to remand upon finding the defendant had "offered undisputed evidence of the plaintiff's [$50,000.00 annual] salary at the time of her termination" more than two years earlier and the plaintiff's petition included an unlimited "prayer for compensatory and punitive damages, as well as front pay and back pay." Id. Concluding "a fact finder could legally award [the plaintiff] damages . . . in an amount greater than the jurisdictional threshold," the Court in Gebert found the plaintiff's "consistent refusal to stipulate that she would not demand more than the jurisdictional amount sufficiently convinc[ing to establish] that plaintiff is pursuing damages in excess of $75,000.00." Id. Under the circumstances, including Plaintiff's unlimited prayers for damages, and the materials submitted by Defendants demonstrating the extent of Plaintiff's

medical care and other damages, as well as Plaintiff's settlement demand, Plaintiff's consistent refusal to stipulate to the recovery of $75,000.00 or less supports a decision that a fact finder might legally conclude Plaintiff's damages exceed $75,000.00. Plaintiff has not provided any evidence or argument showing that either (1) there is a legal certainty that his claims for relief are for less than the requisite amount or (2) it is legally impossible for him to recover more than $75,000.00. Therefore, after careful consideration, the Court finds it has diversity jurisdiction over this case.

        **IT IS SO ORDERED**.

                            _Patricia L. Cohen_

                            PATRICIA L. COHEN
                            UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of April, 2018